**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT O'DELL NEIHART,

      Petitioner,

v.                              No.    CV 16-708 WJ/CG
                                            CR 12-2687 WJ

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Robert O'Dell Neihart's *28 U.S.C. § 2255 Motion to Vacate Sentence* (the "Motion"), (CV Doc. 1), filed June 25, 2016; Respondent United States of America's *Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1)* (the "Response"), (Doc. 7), filed November 17, 2016; and Petitioner's *Reply re Response to § 2255 Petition*, (Doc. 12) (the "Reply"), filed December 23, 2016.[1] United States District Judge William P. Johnson referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (CV Doc. 14).

The Court has reviewed the Motion, the Response, the Reply, and the relevant law. After considering the parties' filings, the record of the case, and relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

## I.    Background

On October 23, 2012, a grand jury returned a two-count indictment against Petitioner. First, Petitioner was charged with armed bank robbery and putting the life of

---

[1] Citations to "CV Doc. __" refer to documents in case number CV 16-708 WJ/CG. Citations to "CR Doc. __" refer to documents in case number CR 12-2687 WJ.

a person in danger by using a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d). (CR Doc. 14 at 1). Second, Petitioner was charged with knowingly possessing, carrying, and using a firearm in furtherance of and during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (CR Doc. 14 at 1-2). "Crime of violence" under § 924(c) means any felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." §§ 924(c)(3)(A)-(B). In Petitioner's case, the crime of violence was the armed bank robbery in Count One. (CR Doc. 14 at 2).

On February 20, 2015, Petitioner pled guilty to both Counts and stipulated to a sentence between 148 months and 161 months. (CR Doc. 140 at 2, 4). As part of the plea agreement, Petitioner agreed to "waive any collateral attack to [his] conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering" the plea and waiver. (CR Doc. 140 at 7). Ultimately, on June 22, 2015, Petitioner was sentenced to 28 months for armed bank robbery and 120 months for using a firearm during a crime of violence. (CR Doc. 150).

Four days after Petitioner was sentenced, the Supreme Court of the United States decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The residual clause in the ACCA defines "violent felony" in part as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The

Supreme Court held "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557.

On June 25, 2016, Petitioner filed the instant Motion, arguing his conviction for violating § 924(c)(3)(B) violates his right to due process. Although Petitioner titles his Motion as a challenge to his sentence, he actually attacks his conviction for using a firearm in furtherance of a crime of violence. *See* (CV Doc. 1 at 2) ("Mr. Neihart should not have been convicted of carrying and discharging a firearm during and in relation to a crime of violence."); (CV Doc. 1 at 11) (". . . [N]o legal basis exists for a § 924(c) conviction.").  Petitioner argues the holding in *Johnson*, which technically only applied to § 924(e)(2)(B), also applies to the similarly worded § 924(c)(3)(B). (CV Doc. 1 at 7-11). Petitioner also argues that armed bank robbery is not a crime of violence under § 924(c)(3)(A) because it does not require intent or violent force. (CV Doc. 1 at 3-7). Therefore, Petitioner claims, armed bank robbery is not a crime of violence, and his conviction and sentence must be vacated. (CV Doc. 1 at 11).

Respondent counters with a number of reasons why Petitioner is not entitled to relief. First, Respondent claims Petitioner is procedurally barred from collaterally attacking his conviction since he had the opportunity to raise his current arguments on direct appeal and failed to do so. (CV Doc. 7 at 3-4). Second, Respondent notes that Petitioner waived his right to collaterally attack his conviction. (CV Doc. 7 at 17-23). Third, Respondent contends *Johnson* does not affect § 924(c)(3)(B) because of the significant differences between it and § 924(e)(2)(B). (CV Doc. 7 at 11-17). Finally,

Respondent argues that armed bank robbery in violation of §§ 2133(a) and (d) is a crime of violence under § 924(c)(3)(A).

In his Reply, Petitioner reiterates his argument that federal armed bank robbery is not a crime of violence. (CV Doc. 12 at 2-11). Concerning waiver, Petitioner does not argue that he did not waive his right to collaterally attack his conviction; rather, he argues that enforcing the waiver would result in a miscarriage of justice. (CV Doc. 12 at 11-14). Regarding procedural default, Petitioner claims he had cause to not appeal his sentence because *Johnson* was not decided until after he was actually sentenced. (CV Doc. 12 at 15). Additionally, Petitioner claims he is technically innocent and invokes the "actual innocence" exception to procedural default. (CV Doc. 12 at 16).

## II.    Standard of Review Under 28 U.S.C. § 2255

28 U.S.C. § 2255 provides that prisoners in federal custody may challenge their sentences if: (1) their sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). Here, Petitioner claims his sentence was imposed in violation of the United States Constitution. If the Court finds that a sentence infringed Petitioner's constitutional rights and is subject to collateral review, the Court must vacate the sentence and discharge, resentence, or correct the sentence as the Court believes appropriate. § 2255(b).

## III.    Analysis

### a.   *Whether Petitioner waived his right to collaterally attack his sentence*

Petitioner's plea agreement includes a "Waiver of Appeal Rights," which states:

> [Petitioner] knowingly waives the right to appeal [his]
> conviction and any sentence and fine within or below the
> applicable advisory guideline range as determined by the
> Court. . . . In addition, [Petitioner] agrees to waive any
> collateral attack to [his] conviction pursuant to 28 U.S.C. §
> 2255, except on the issue of counsel's ineffective assistance
> in negotiation or entering this plea or this waiver.

(CR Doc. 140 at 7).

A petitioner's waiver of his right to collateral attack under § 2255 "is generally enforceable where the waiver is expressly stated in the plea agreement." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). When a petitioner waives the right to collaterally attack his sentence in a plea agreement but later files a § 2255 motion, courts must decide: (1) whether the collateral attack falls within the scope of the waiver; (2) whether the petitioner knowingly and voluntarily waived his right to collateral review; and (3) whether enforcing the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The Court must "strictly construe[]" the waiver's scope, and "any ambiguities . . . will be read against the Government and in favor of" the petitioner's right to collateral review. *Id.* (citation omitted).

1. *Within the Scope of the Waiver*

Petitioner agreed to waive his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255, except on the issue of his counsel's ineffective assistance in negotiating or entering the plea or waiver. (CR Doc. 140 at 7). Petitioner's claim is a collateral attack on his conviction, brought pursuant to 28 U.S.C. § 2255, and Petitioner does not allege that his counsel was ineffective in negotiating the plea or the waiver. Therefore, the Court finds that Petitioner's claim falls within the scope of the waiver.

*2. Knowing and Voluntary*

The plea agreement clearly states the knowing and voluntary nature of the plea and waiver. Petitioner stated he "agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than those set forth in this agreement)." (CR Doc. 140 at 8). As for the waiver, Petitioner affirmed he was aware of his rights to appeal his conviction and sentence and "knowingly" waived his right to appeal and collaterally attack his conviction. *Id.* at 7. At the end of the plea agreement, Petitioner signed that he understood the terms of the plea and voluntarily agreed to them, that his attorney advised him of his rights and the consequences of entering the plea agreement, and that no one forced or threatened him into agreeing to the terms. *Id.* at 10. Based on this evidence, and noting that Petitioner does not dispute that he knowingly and voluntarily agreed to the waiver, the Court finds that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction.

*3. Miscarriage of Justice*

While Petitioner does not dispute that his Motion falls within the scope of the waiver or that he knowingly and voluntarily waived his right to collateral review, Petitioner does argue that enforcing the waiver would result in a miscarriage of justice. (CV Doc. 12 at 11-14). The Tenth Circuit has explained that enforcement of a waiver results in a miscarriage of justice in four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise

unlawful." *Hahn*, 359 F.3d at 1327. "This list is exclusive; enforcement of an appellate waiver does not result in miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (citation omitted). Additionally, error does not make a waiver "otherwise unlawful" unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (citation omitted).

Petitioner makes no suggestion, nor is there any evidence before the Court, that any of the first three situations are implicated here. Petitioner argues, however, that enforcement of the waiver would result in a miscarriage of justice because Petitioner's sentence is based on § 924(c)'s residual clause, which is unconstitutional pursuant to *Johnson*. (CV Doc. 12 at 12-14).[2] Petitioner relies on *United States v. Madrid*, 805 F.3d 1204, 1212 (10th Cir. 2015), in which the Tenth Circuit found that the imposition of an enhanced sentence pursuant to the unconstitutionally vague residual clause in the Sentencing Guidelines undermined the fundamental fairness of the defendant's sentencing hearing. *Id.* Petitioner also relies on *United States v. Daugherty*, No. 07-CR-87-TCK, 2016 WL 4442801 (N.D. Okla. Aug. 22, 2016) (unpublished), in which the district court found that it would be a miscarriage of justice to enforce a collateral-attack waiver in a post-conviction attack based on *Johnson*. *Id.* Finally, Petitioner relies on several cases outside the Tenth Circuit where courts have declined to enforce collateral-attack waivers in cases raising *Johnson* claims. *Id.* at 13-14 (citing cases from the Ninth and Sixth Circuits, the Western District of New York, the Eastern District of

_____

[2] It is important to note that Respondent argues that the *Johnson* holding does not apply to § 924(c) and that, regardless, Petitioner's predicate offenses qualify as crimes of violence under § 924(c)'s force clause. (CV Doc. 7 at 11-15). Nevertheless, because the validity of the collateral attack waiver in Petitioner's plea agreement is not dependent on the merits of Petitioner's underlying claim, and because the Court finds below that the waiver is enforceable, the Court does not reach these issues.

Michigan, the Southern District of California, the Eastern District of Washington, and the District of Oregon).

The Court finds Petitioner's reliance on *Madrid* and *Daugherty* unpersuasive. In *Madrid*, the Tenth Circuit considered whether the defendant forfeited his right to object to his sentence by failing to assert that the residual clause in § 4B1.2(a)(2) was void for vagueness. *Madrid*, 805 F.3d at 1211. Forfeiture is the failure to timely assert a right or the failure to timely object to the violation of a right. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007). Waiver, on the other hand, is the "intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733 (internal quotation marks omitted). Forfeiture occurs through neglect, whereas waiver is intentional. *See Carrasco-Salazar*, 494 F.3d at 1272. In other words, unlike the defendant in *Madrid*, who forfeited his right to object to his sentence by failing to assert that the residual clause in § 4B1.2(a)(2) was void for vagueness, Petitioner intentionally relinquished his right to collaterally attack his conviction, regardless of the merits of any claims he may have had.

In *United States v. Frazier-LeFear*, 665 Fed. Appx. 727, 732-33 (10th Cir. 2016) (unpublished), the Tenth Circuit considered the *Madrid* holding in the context of whether a collateral-attack waiver was unlawful. The Tenth Circuit held that it is not a miscarriage of justice to enforce a defendant's waiver to collaterally attack his sentence with respect to a claim raised in light of the *Johnson* decision. *Id.* In so holding, the Tenth Circuit abrogated the holding in *Daugherty*, stating that "[t]he analytical mistake in *Daugherty*" stems from Tenth Circuit precedent "explaining [that] *Hahn's* fourth miscarriage-of-justice exception makes it clear that it is the waiver, not some other

aspect of the proceeding, that must be unlawful to undermine the waiver." 665 Fed. Appx. 732. Thus, an error rendering a waiver "otherwise unlawful" must relate to the waiver itself, not to another aspect of the proceedings, such as the validity of a defendant's conviction or sentence. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."). That an error is based on a constitutional claim or an intervening change in the law does not change this analysis. *See Frazier-LeFear*, 665 Fed. Appx. at 773 ("Given our own precedent enforcing waivers with respect to both changes in law and claims of constitutional error (except those which render the waiver itself unlawful), this panel is not in a position at this late date to recognize a limitation on waiver[s] for constitutional challenges to sentence[s] based on post-plea changes in law.").

Here, Petitioner does not argue that his waiver of appeal rights is itself unlawful or improper. Instead, he contends that, because the residual clause of § 924(c) has been rendered unconstitutional by *Johnson*, his "sentence undermines the fundamental fairness of a sentence and causes a miscarriage of justice." (CV Doc. 12 at 14). As explained by the Tenth Circuit:

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes [sic] certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. One such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an

> undesirable outcome given the importance of plea
> bargaining to the criminal justice system.

*Frazier-LeFear*, 665 Fed. Appx. at 730 (alterations in original). Moreover, "[a] defendant

may preserve appellate rights in this respect . . . by including an explicit exception in his

waiver for favorable changes in the law." *Id.* at 730, n.3.

Because Petitioner has not alleged any error that relates to the appellate waiver

itself, the Court finds that the waiver is enforceable under *Frazier-LeFear*. Additionally,

because Tenth Circuit law on this issue is clear and binding on this Court, the Court

finds it unnecessary to distinguish the out-of-circuit cases Petitioner relies on.

## IV.     Recommendation

For the foregoing reasons, the Court finds that Petitioner knowingly and

voluntarily waived his right to bring the claim he asserts in his Motion, and that enforcing

the waiver would not constitute a miscarriage of justice. Therefore, the Court

**RECOMMENDS** that Petitioner's *28 U.S.C. § 2255 Motion to Vacate Sentence* (the

"Motion"), (CV Doc. 1), be **DENIED**. The Court also **RECOMMENDS** that a certificate of

appealability be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE